PER CURIAM.
This matter is before the Court on Respondent’s Petition for Leave to Resign Permanently Without Leave to Reapply pursuant to article XI, Rule 11.08 of the Integration Rule of The Florida Bar.
The Petition indicates, inter alia, that:
1.Respondent has twice previously been reprimanded by the Florida Bar for violating the Florida Bar Integration Rule and two provisions of the Code of Professional Responsibility.
2. Respondent is currently involved in disciplinary proceedings emanating from four separate complaints. The Florida Bar takes the position in these complaints that the Respondent has violated the Integration Rule and several Disciplinary Rules of the Code of Professional Responsibility.
3. Respondent admits that he violated article XI, Rule 11.02(3)(a) of the Integration Rule and Disciplinary Rules 1-102(A)(1), 1-102(A)(4), 1-102(A)(6), 5-104(A), 6-101(A)(3), 7-101(A)(3), 9-102(B)(1), 9-102(B)(3), and 9-102(B)(4) in the case of The Florida Bar v. C. Shelby Dale, Case No. 61,159.
4. Respondent agrees to cooperate with any client security fund investigation conducted by The Florida Bar, understands he remains liable to make restitution in the cases described in the petition, and agrees to pay costs in the amount of $1231.86.
5. Respondent agrees to a waiver of confidentiality.
6. Respondent freely and voluntarily submits this Petition to Resign Permanently Without Leave to Reapply.
The Florida Bar has filed its response supporting the Petition for Leave to Resign Permanently Without Leave to Reapply under the conditions set forth above. The Court has reviewed same and determined that the requirements of Rule 11.08(3) are fully satisfied. The Petition for Leave to Resign Permanently Without Leave to Reapply is hereby approved and C. Shelby Dale’s name is stricken from the roll of attorneys in the State of Florida effective this date. Costs in the amount of $1,231.86 are assessed against respondent.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, OVERTON and EHRLICH, JJ., concur.